UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN MURRY,

        Plaintiff,

v.

CITY OF DETROIT, DEPARTMENT OF
TRANSPORTATION, a Michigan Municipal
corporation,

        Defendant.
_____/

Case Number: 11-11498
HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 18) and Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 22). The Court has reviewed all the filings relevant to this motion and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

**I. STATEMENT OF FACTS**

Plaintiff Calvin Murry is a resident of the City of Detroit. In February 2010, Murry's reduced fare bus pass expired. (Doc. No. 1, p. 1). On March 10, 2010, Defendant City of Detroit received Murry's Application for Reduced Fares ID Pass Card. These reduced fares are available to "Mobility Disabled Persons"-- "individuals who, by reason of illness, injury, age, congenital malfunction or other permanent or temporary incapacity or disability. . .are unable without special facilities or special planning or

design to utilize mass transportation facilities and services, as effectively as persons who are not so affected." (Doc. No. 18, Ex. 1). Applicants seeking to participate in this program are advised that they must "follow the instructions provided for that category" and to "ensure the application is completed in its entirety." (Id.) The application to establish eligibility for a Mobility Disabled Person includes a portion that must be completed by the applicant's medical doctor. (Doc. No. 18, Ex. 2). In Step 1, which is the Applicant's Certification, the medical doctor must "[i]dentify and list the applicant's specific disability in the area provided below, and then complete, sign and date th[e] form." Step 2 requires the medial doctor to detail on letterhead, the diagnosis and extent of the applicant's disability. The medical doctor is instructed to "provide as much detail as . . .necessary to clearly communicate the applicant's disability." (Id.) The medical doctor must sign and date the application, provide his professional title and valid State of Michigan's professional licence number beneath the signature. (Id.)

Plaintiff's doctor completed Step I. (Doc. No. 18, Ex. 3). He also supplied Plaintiff with a one-paragraph letter. (Id.) Murry gave the letter to the City of Detroit as well as his application. (Doc. No. 18, Ex. 4). The letter reads:

> Mr. Calvin Murray [sic] with DOB 1-5-1951 is our patient. He has multiple medical conditions which cannot be discuss [sic] without prior authorization in writing by patient. If you have any question [sic] please contact us at the number listed below.

(Id.)

On March 22, 2010, Defendant sent Plaintiff an Ineligible Letter. (Doc. No. 18, Ex. 5). The letter specified the basis for his ineligibility.

2

> YOUR SPECIFIED DISABILITY DOES NOT AFFECT YOUR ABILITY TO UTILIZE MASS TRANSPORTATION AS EFFECTIVELY AS PERSONS WITHOUT YOUR DISABILITY.  AS A RESULT, YOU ARE DISQUALIFIED AS "MOBILITY DISABLED" AND ARE INELIGIBLE FOR THE REDUCED FARES PROGRAM.

(Doc. No. 18, Ex. 5 (emphasis in the original)).

Plaintiff was informed in the letter that if he had any questions or concerns regarding this matter, he could submit them in writing within fourteen days of the date of the letter.  (Id.)  According to Plaintiff, after he received the initial denial, he filed an appeal and included even more medical documentation.  When Plaintiff called to follow up on his appeal, he was informed that the application was denied because it did not include the doctor's letter.  (Doc. No. 20, Ex. 6).  Murry stated that he had sent his doctor's letter on March 22, 2010, with his initial application.  (See id.)

According to Defendant, Plaintiff contacted the Reduced Fares Office several times in April 2010, and was informed that his doctor did not submit additional documentation and that the information provided did not meet the guidelines. On May 19, 2010, the Reduced Fares Office received a package from Plaintiff that included a letter regarding violations of Title VI of the Civil Rights Act of 1964, a detailed list of his medications, a copy of a letter he sent to the Detroit City Council President, a patient history form, a take home instruction sheet, and an income form from the Michigan Department of Human Services.  (Doc. No. 18, Ex. 6).  Again, Defendant sent a Review Ineligible Letter to Plaintiff.  (Doc. No. 18, Ex. 7).  It reads in relevant part as follows:

> THE ADDITIONAL INFORMATION DOES NOT SUPPORT A DISABILITY THAT HINDERS YOUR ABILITY TO UTILIZE MASS TRANSPORTATION, AS EFFECTIVELY AS PERSONS WITHOUT YOUR DISABILITY.  YOU ARE THEREFORE INELIGIBLE FOR THE REDUCED FARES PROGRAM.

3

(Doc. No. 22, Ex. 5 (emphasis in original).

On May 27, 2011, the Reduced Fares Office received a faxed second copy of a letter Plaintiff sent to City Council President, referencing a violation of the ADA.  (Doc. No. 18, Ex. 8).  Again, Plaintiff was informed his documentation did not meet the guidelines of the Reduced Fares Program.

On November 8, 2010, Plaintiff filed a complaint with the State of Michigan Department of Civil Rights.  (Doc. No. 18, Ex. 9).  He subsequently filed suit in this Court, alleging that Defendant violated the American With Disabilities Act ("ADA"), 42 U.S.C. § 12132 et seq.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) authorizes a court to grant summary judgment if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party."  Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).  However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial."  Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

## III.  ANALYSIS

In his complaint, Murry asserts that the City of Detroit violated the American with Disabilities Act when it denied him his Reduced Fares ID Pass Card.  Defendant

maintains that, as a matter of law, Plaintiff cannot meet his burden to show he was excluded from the Reduced Fares Program because of a disability. The Court discusses the merits of the argument below.

Under Title II of the ADA, public entities must make reasonable accommodations to assist disabled people while carrying out policies, procedures, and practices. 42 U.S.C. § 12132(b)(2)(A). To establish his Title II claim, Murry must show that, by reason of his disability, he was either "subjected to discrimination" by a public entity or "excluded from participation in or denied the benefits of the services, programs or activities of " that public entity. 42 U.S.C. § 12132; Dillery v. City of Sandusky, 398 F.3d 562, 567 (6th Cir. 2005).

Plaintiff's federal discrimination claim rests on his assertion that the City of Detroit excluded him from the Reduced Fares Program because of his disability. The Court finds no evidence to support this position. To the contrary, Plaintiff was not allowed to participate in the program, not because he was disabled, but because he failed to provide the required documentation from his doctor establishing his disability.

There is no dispute that a public agency may require reasonable evidence of a disability before providing accommodations. See Weinreich v. Los Angeles County Metro. Transp. Auth., 114 F.3d 976, 979 (9th Cir. 1997) (holding that a public agency may require updated certification of qualifying disability). Here, the evidence shows as a matter of law that Plaintiff did not comply with all application instructions. Although Murry provided numerous medical documents, he did not provide the item he was required to provide.

Murry's doctor certified Plaintiff suffered from backache and sciatica, and that his

5

disability was permanent. Nevertheless, Plaintiff's doctor did not complete the form as required, and indicated that the failure to do so was because he lacked written authority to discuss Plaintiff's medical condition.

This failure is not undermined by Plaintiff's assertion that he never received notice of incomplete documentation. (Doc. No. 22, Ex. 7). The City of Detroit sends an applicant an Incomplete Notification Letter under the following circumstances:

> Applications are reviewed to verify that complete documentation, as requested on application, is received. Incomplete Notification Letters: Applications containing no identification or invalid identification are immediately returned along with an Incomplete Letter, which request the submittal of a valid identification, as well as any/all additional information necessary to complete the processing of the application.

(Doc. No. 20, Ex. 2). Plaintiff's exclusion from the program was not based on his failure to include identification or the inclusion of invalid identification. His exclusion was based on his failure to show eligibility. The exclusion was proper. See Weinreich, 114 F.3d 976 (9th Cir. 1997) (holding that the Transportation Authority's duty to provide "reasonable accommodations" did not apply where the barrier to the plaintiff's participation was not his disability). In Weinreich, the appellate court upheld the lower court's finding that the plaintiff's exclusion from a reduced fare program was not based on the fact or perception that he had a disability, but rather the exclusion was based on his failure to provide updated certification that he had a qualifying disability. Likewise, Murry's exclusion was based on his failure to show eligibility.

## IV. CONCLUSION

The Court therefore **GRANTS** Defendants' motion for summary judgment. Plaintiff's Motion for Judgment on the Pleadings is **DENIED**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2012

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to counsel of record and Plaintiff on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
Case Manager